## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 09-cv-01684-JLK-BNB

STATERA, INC., a Colorado Corporation,

      Plaintiff,

vs.

JEFFREY HENRICKSON,
CHRISTOPHER M SMALDONE, and
SPOTLIGHT, INC., a Colorado corporation,

      Defendants.

---

### *EX PARTE* TEMPORARY RESTRAINING ORDER

---

**Blackburn, J.**

      This matter is before me on the **Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2][1] filed July 15, 2009.  I grant the motion for *ex parte* temporary restraining order, set briefing deadlines, and set a hearing on the plaintiff's motion for preliminary injunction.

### I.  JURISDICTION

      I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

### II.  STANDARD OF REVIEW

      A temporary restraining order or preliminary injunction is extraordinary relief.  A party seeking a temporary restraining order or preliminary injunction must show: (1) a

---

[1]  "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

substantial likelihood that the movant eventually will prevail on the merits; (2) that the

movant will suffer imminent and irreparable injury unless the injunction issues; (3) that

the threatened injury to the movant outweighs whatever damage the proposed

injunction may cause the opposing party; (4) that the injunction, if issued, would not be

adverse to the public interest.  *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980);

*Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury

must be imminent).  In addition to the foregoing factors, a party seeking a temporary

restraining order also must demonstrate clearly, with specific factual allegations, that

immediate and irreparable injury will result absent a temporary restraining order.  FED.

R. CIV. P. 65(b).  On balance, the record in this case demonstrates that these factors

weigh heavily in favor of injunctive relief, initially in the form of a temporary restraining

order.

    Under FED. R. CIV. P. 65(b)(1), a court may issue a temporary restraining order

without written or oral notice to the adverse party only if

> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant
> before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice
> and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A) & (B).  I find and conclude that the requirements of Rule

65(b)(1) have been satisfied and that an *ex parte* temporary restraining order is proper

in this case.

### III.  BACKGROUND

    The plaintiff, Statera, Inc., is in the business of providing information technology,

business, and management consulting services to commercial clients in Colorado and

several other states.  Statera's computer systems are used extensively to transmit data and commercial information to Statera customers, employees, consultants, vendors, and partners.

Until June 8, 2009, defendant Jeffrey Henrickson was employed by Statera as Vice President and Business Develpment Executive, and was responsible, in part, for Statera's operations in Utah.  Until June 8, 2009, defendant Christopher M. Smaldone was employed by Statera as Vice President for Microsoft Business Solutions and was responsible, in part, for Statera's operations in Texas.  While employed by Statera, Henrickson and Smaldone had extensive access to confidential and proprietary information and trade secrets belonging to Statera and its clients.  Both Henrickson and Smaldone had employment agreements with Statera.  These employment agreements contain provisions that protect Statera's confidential information, trade secrets, and goodwill with Satera's customers and clients.  The employment agreements prohibit Henrickson and Smaldone from, *inter alia*, using or removing from Statera any confidential information, except when required by their employment with Statera, and using, disclosing, or retaining any of Statera's confidential or trade secret information and materials after the termination fo their employment.  *Complaint* [#1], p. 8 (citing employment agreements).  In addition, the agreements prohibit Henricks and Smaldone from soliciting, marketing, contacting, calling, interfering with, accepting business with, or doing business with any client or customer of Statera with whom they worked within six months preceding the termination of their employment with Statera.  *Id.*

Henrickson and Smaldone both resigned their employment with Statera on June 8, 2009.  At the time of their resignations, Henrickson and Smaldone informed Statera that they had decided to form a business that would compete with Statera.  However,

they assured Statera that they both intended to comply fully with the non-compete and other provisions of their employment agreements. Statera became concerned about some unusual conduct by Henrickson and Smaldone around the time of their resignations.  Notably, Statera learned after the resignations that Henrickson and Smaldone had begun competitive activities during their employment with Statera, in several cases using Statera resources to conduct such activities.  Statera became concerned that its trade secrets, confidential information, and intellectual property may have been appropriated or compromised by Henrickson and Smaldone.

Statera retained a forensic computer expert, Michael Horwith, to examine the hard drives of the Statera computers that Henrickson and Smaldone used during their employment with Statera.  Horwith's examination of the hard drive images of Henrickson and Smaldone's computers revealed clear evidence that Henrickson and Smaldone downloaded confidential Statera files and used their Stratera computers to organize their competing enterprise.  Further, Horwith found clear evidence that both Henrickson and Smaldone attempted to eliminate evidence of what they were doing with their Stratera computers shortly before they left Statera.  *Motion for temporary restraining order* [#2], Exhibit A-1, Declaration of Michael Horwith (Horwith Declaration); Exhibit A-2, Forensic Computer Examination Expert Report.

For example, Horwith's examination of Henrickson's computer revealed evidence indicating that Henrickson was copying confidential and trade secret information owned by Stratera and protected under the terms of Henrickson and Smaldone's employment agreements.  Relevantly, Horwith concluded that in the nine days before he left Statera, Henrickson extensively copied to his computer desktop files that contain proprietary information belonging to Statera, its clients, and third-parties with which Stratera does

business. *Horwith Declaration*, ¶¶ 8-9.  At approximately 11 p.m., on Saturday, May 30, 2009, Henrickson copied seven files Statera has identified as proprietary, including lists of Statera accounts and potential accounts, information about Statera partners, Statera's "Gross Profit Margin Calculator," and a Statera sales document.  *Id.*, ¶ 9. Horwith found other evidence of copying by Henrickson as well. Horwith concluded also that there is more than a reasonable probability that Henrickson used a Gmail e-mail account to email to himself or Smaldone a variety of Statera's proprietary computer files.  *Id.*, ¶ 15.

Horwith also found evidence that in the days leading up to their resignations, Henrickson and Smaldone used their Stratera computers to conduct business for their new enterprise, which apparently is known as Spotlight.  For example, Henrickson and/or Smaldone used their Stratera computers to check the availability of internet domain names for Spotlight, to use Gmail e-mail accounts to conduct business for Spotlight, to arrange toll-free telephone service for Spotlight, and to register Spotlight as a Colorado corporate entity.  Additional activities of a similar nature are described in Horwith's declaration and report.

Horwith also found evidence that in May, 2009, both Henrickson and Smaldone installed on their Stratera computers a third-party anti-forensics software shredder called Eraser.  *Horwith Declaration*, ¶ 7.  Horwith says Eraser is designed to avoid forensic discovery of activity and files on a computer.  *Id.*  Horwith found that Henrickson executed the Eraser software at 12:07 a.m., on Sunday, May 31, 2009, about one hour after copying the files Henrickson copied at about 11:00 p.m., on Saturday, May 30, 2009.  *Id.*, ¶ 9.  Eraser also purports to delete most traces of itself from a computer when the Eraser software is uninstalled.  Horwith says he was "able to

conclusively determine that both Henrickson and Smaldone . . . uninstalled Eraser from their computers in an attempt to delete traces of its use." *Id.*

## IV.  ANALYSIS

In its motion for temporary restraining order, Stratera seeks an order prohibiting Henrickson and Smaldone from using, deleting, destroying, erasing, altering, using, copying, or distributing a variety of information that Henrickson and Smaldone allegedly took from Stratera during Henrickson and Smaldone's employment with Stratera, as well as related information.  I conclude that Stratera has satisfied all of the required elements for the entry of an *ex parte* temporary restraining order, as summarized below.

### A.  Likelihood of Success on the Merits

Stratera asserts claims for (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) breach of contract; (3) misappropriation of trade secrets; (4) conversion; (5) civil theft; (6) breach of fiduciary duty; and (7) declaratory judgment. Given the facts alleged and evidenced in Stratera's Complaint [#1], motion for temporary restraining order [#2], and the exhibits included with those documents, I find and conclude that Stratera has established a likelihood of success on the merits of each of these claims.

### B.  Irreparable Injury

To establish irreparable injury for the purpose of a temporary restraining order, the plaintiffs must show that they will suffer irreparable injury, and that the irreparable injury is of such imminence that there is a clear and present need for equitable relief to prevent the harm.  ***Heideman v. S. Salt Lake City***, 348 F.3d 1182, 1189 (10th Cir. 2003).  Here, the evidence demonstrates a strong likelihood that Henrickson and Smaldone are using Stratera's confidential and other protected information to conduct a

competing enterprise.  Particularly when documents such as customer lists and business strategies are being used improperly by a competing enterprise, and the evidence indicates such information is being used in this case, Stratera will suffer injuries that irreparable because they are difficult or impossible to measure.  Further, the evidence indicates that the defendants are using this information currently to conduct their competing enterprise.  Thus, the injuries are imminent and, in fact, likely are ongoing.

### C.  Balance of Harms

The evidence currently in the record indicates that Henrickson and Smaldone unlawfully obtained confidential and proprietary information from Statera and are using that information to conduct a competing enterprise.  The defendants will suffer no harm that is recognized in law if they are prohibited from using information to which they have no legal right.  On the other hand, the harm suffered by Stratera from the theft and unlawful use of this information is substantial.  The balance of harms weighs heavily in favor of Stratera.

### D.  Public Interest

I find that there is no indication that the proposed temporary restraining order would be adverse to the public interest.  Prohibiting Henrickson and Smaldone from using, copying, distributing, or destroying information they obtained unlawfully from Stratera would, if anything, tend to serve the public interest.

### E.  *Ex Parte* Order

Under FED. R. CIV. P. 65(b)(1), a court may issue a temporary restraining order without written or oral notice to the adverse party only if (1) specific facts in evidence show that immediate and irreparable harm will be suffered by the movant before the

adverse party can be heard; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required.

The evidence in the record demonstrates clearly that Stratera is suffering ongoing and irreparable harm as a result of the defendants' actions and that such harm will be suffered by Stratera before the defendants can be heard. Stratera has not certified in writing any efforts it has made to give notice to the defendants. Rather, Stratera notes in its motion for temporary restraining order the evidence that Henrickson and Smaldone "have already taken concrete steps (in the form of hard disk shredding software known as *Eraser*) to cover up their unlawful acts." *Motion for temporary restraining order* [#2], ¶ 2. Apparently fearing similar actions by the defendants after they are notified of this case and the motion for temporary restraining order, Stratera seeks *ex parte* relief. On this basis, apparently, Stratera has made no effort to give notice to the defendants. I conclude that under the circumstances evidenced in the record, notice to the defendants should not be required before a temporary restraining order is entered because of the risk that the defendants, after receiving notice, will again take actions to alter, erase, or otherwise modify or destroy evidence in their possession that is important to this case.

### F. Bond

FED. R. CIV. P. 65(c) provides that a court may issue "a temporary restraining order only if the movant gives security" in an amount determined by the court. I read this language as jussive. It requires the movant to give security in an amount determined by the court, if a temporary restraining order is issued. In the circumstances of this case, I find and conclude that security in the amount of five hundred dollars ($500.00) is sufficient to serve the purposes established in Rule 65(c).

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the plaintiff's *Ex Parte* **Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2] filed July 15, 2009, is **GRANTED** to the extent the plaintiff requests the entry of a temporary restraining order and on the terms stated in this order;

2.  That effective forthwith defendants, Jeffrey Henrickson, Christopher M. Smaldone, and Spotlight, Inc., together with their agents, servants, employees, attorneys-in-fact, or anyone acting on his behalf, **TEMPORARILY ARE ENJOINED AND RESTRAINED** from:

> **A.**  deleting or destroying, erasing or otherwise making unavailable for further proceedings in this matter any Statera business information, trade secrets, proprietary information, tangible or intangible property, and any information belonging to or relating to any Statera client or partner which information or property was obtained by defendant Henrickson or defendant Smaldone during his Statera employment;
>
> **B.**  taking any action to delete, destroy, damage, shred, erase, wipe, or otherwise alter any computer hard drive or other computer storage media containing Statera business information or other evidence within the scope of discovery in this matter;
>
> **C.**  making any use of, copying, disclosing, conveying, transferring, or selling any "Confidential Information and Materials," as defined in the employment agreements between Stratera, as employer, and defendants Jeffrey Henrickson, Christopher M. Smaldone, as employees;

**D.**  making any use whatsoever of any laptop computers, or any other business laptops, workstations or server computers in the possession, custody, or control of defendants Jeffrey Henrickson, Christopher M. Smaldone, or Spotlight, Inc., including all internal and external hard disks and any other internal or external storage media;

**E.**  making use of, copying, disclosing, conveying, transferring, or selling any notes, memoranda, writings, lists, files, reports, contracts, advertising materials, manuals, correspondence, tapes, disks, software and other tangible information which defendants Jeffrey Henrickson or Christopher M. Smaldone produced, received, developed, possessed or otherwise had access to while employed by Statera;

**F.**  deleting, erasing, altering or otherwise rendering unavailable for further proceedings in this matter, email messages and other content in any email accounts owned or used by defendants Jeffrey Henrickson or Christopher M. Smaldone or Spotlight, Inc., including, but not limited to jeff.henrickson@gmail.com and chris.smaldone@gmail.com, pending written stipulation of the parties or further order of this court;

3.  That on or before July 23, 2009, at 5:00 p.m., the defendants **SHALL FILE** a response to the **Plaintiff's *Ex Parte* Motion for Expedited Discovery** [#3], filed July 15, 2009;

4.  That the court **WILL NOT PERMIT** the filing of a reply in support of the **Plaintiff's *Ex Parte* Motion for Expedited Discovery** [#3], filed July 15, 2009;

5.  That on or before July 27, 2009, at 12:00 p.m. (noon), the defendants **SHALL FILE** a response to the **Plaintiff's *Ex Parte* Motion for Temporary Restraining Order**

**and Motion for Preliminary Injunction** [#2] filed July 15, 2009;

6.  That on or before July 29, 2009, at 12:00 p.m. (noon), the plaintiff **SHALL**

**FILE** a reply in support of the **Plaintiff's *Ex Parte* Motion for Temporary Restraining**

**Order and Motion for Preliminary Injunction** [#2] filed July 15, 2009;

7.  That the court **SHALL CONDUCT** a hearing on the plaintiff's motion for

preliminary injunction on **Thursday, July 30, 2009, at 1:30 p.m.**;

8.  That the court reserves the remainder of the day, if necessary, to conduct the

hearing, with the available time to be divided equally between the parties, unless

otherwise agreed by the parties or ordered by the court;

9.  That this Temporary Restraining Order **SHALL REMAIN IN EFFECT** until

12:00 p.m., Thursday, July 31, 2009, unless sooner modified or rescinded;

10.  That under FED. R. CIV. P. 65(c), plaintiff Stratera, Inc., a Colorado

corporation, is **ORDERED** to deposit with the clerk of the court a bond in the amount of

five hundred dollars ($500.00) for the payment of such costs and damages as may be

suffered by any party later found to have been wrongfully restrained;

11.  That the bond shall be deposited with the clerk of the court on or before

Monday, July 20, at 5:00 p.m. (mountain daylight time);

12.  That the plaintiff shall serve a copy of the Summons, the Complaint, the

Motion for Temporary Restraining Order and Preliminary Injunction, and this *Ex Parte*

Temporary Restraining Order on each of the defendants as soon as practicable; and

13.  That the plaintiff shall file proof of service with the court within one day after service of the documents listed in paragraph twelve, above, has been accomplished.

Dated at Denver, Colorado this 17th day of July, 2009, at 12:00 p.m.

**BY THE COURT:**

.

Robert E. Blackburn
United States District Judge