**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-01684-JLK-BNB

STATERA, INC., a Colorado Corporation,

    Plaintiff,

vs.

JEFFREY HENRICKSON,
CHRISTOPHER M SMALDONE, and
SPOTLIGHT, INC., a Colorado corporation,

    Defendants.

---

## TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

This matter is before me on the parties' **Stipulation for 60-Day Extension of Temporary Restraining Order** [#15][1] filed July 30, 2009. On July 17, 2009, I entered an *Ex Parte* **Temporary Restraining Order** [#5]. That order granted in part the **Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2] filed July 15, 2009. The defendants have been served and have filed a response [#12] to the **Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2]. In their stipulation [#15], the parties have agreed to a 60 day extension of the temporary restraining order on terms specified in the stipulation.

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

Under FED. R. CIV. P. 65(b)(2), a temporary restraining order expires ten days after it is entered unless, before the initial ten days expires, "the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.  The reasons for an extension must be entered in the record."

## III.  ANALYSIS

The plaintiff and all three defendants have stipulated to an extension of the existing *Ex Parte* Temporary Restraining Order [#5] for a period of sixty days on terms that are modified somewhat, as compared to the existing *Ex Parte* Temporary Restraining Order [#5].  At this point, the defendants have had an opportunity to review the plaintiff's complaint, the **Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2] and the other filings in this case.  In addition, the defendants have had an opportunity to respond to the plaintiff's motion for temporary restraining order.  Nothing in the record indicates that the circumstances that formed the basis for my entry of the *Ex Parte* Temporary Restraining Order [#5] have changed significantly.  Following these events, the parties filed their stipulation for an extension of the temporary restraining order.  The terms proposed in the parties' stipulation are somewhat less onerous for the defendants than the terms of the existing *Ex Parte* Temporary Restraining Order [#5].  All parties agree that the stipulated extension is in their best interests.  In light of the fact that the relevant circumstances remain unchanged, the fact that the parties have stipulated to an extension of the

2

temporary restraining order, the fact that the terms proposed by the parties in their stipulation are somewhat less onerous for the defendants, and the fact that the parties agree that the proposed extension is in their best interests, I find and conclude that there are good reasons to extend the temporary restraining order for a period of sixty days on the terms to which the parties have stipulated.

I note that the parties refer in their stipulation to their Stipulation Regarding Expedited Discovery.  *Stipulation* [#15], filed July 30, 2009, ¶ D.  No such stipulation concerning expedited discovery has been filed with the court.  To ensure that all terms of this order are detailed on the record, I direct the parties to file with the court their Stipulation Regarding Expedited Discovery on or before 5:00 p.m., on Monday, August 3, 2009.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Stipulation for 60-Day Extension of Temporary Restraining Order** [#15] filed July 30, 2009, is **APPROVED**;

2. That the the *Ex Parte* **Temporary Restraining Order** [#5] filed July 17, 2009, is **EXTENDED** for a period of sixty (60) days on the terms stated in this order;

3. That the hearing on plaintiff's motion for preliminary injunction set for July 30, 2009, is **VACATED**;

4. That effective forthwith, and except as set forth below, defendants Jeffrey Henrickson, Christopher M. Smaldone, and Spotlight, Inc., together with their agents, attorneys, or anyone acting on his or its behalf, **TEMPORARILY ARE ENJOINED AND RESTRAINED** from:

    **A.** deleting or destroying, erasing, or otherwise making unavailable for further proceedings in this matter any Statera business information, trade

3

secrets, proprietary information, tangible or intangible property, and any information belonging to or relating to any Statera client or partner which information or property was obtained by defendant Henrickson or defendant Smaldone during his Statera employment;

**B.** taking any action to delete, destroy, damage, shred, erase, wipe, or otherwise alter any computer hard drive or other computer storage media containing Statera business information which was obtained by defendant Henrickson or defendant Smaldone during his Statera employment;

**C.** copying, disclosing, transferring, selling, or otherwise making use of, other than for purposes of this litigation, any "Confidential Information and Materials," as defined in the employment agreements between Stratera, as employer, and defendants Jeffrey Henrickson and Christopher M. Smaldone, as employees;

**D.** making any use whatsoever of the two laptop computers which Defendants represent are the only computers subject to the *Ex Parte* Temporary Restraining Order entered against them in this action (1 Dell Inspiron laptop computer and 1 Dell XPS laptop computer) until those computers have been examined and processed according to the parties' Stipulation Regarding Expedited Discovery; once such laptops are returned to the defendants, they may use the laptops without restraint; additionally, based on such representation, the Defendants will not be enjoined or restrained from making use of any computers that they purchased on or after 6:00 p.m. on Friday, July 24, 2009, or of any personal, non-business computers used in the defendants' households;

  **E.** making any use whatsoever of any external databases such as Microsoft Mesh, Webroot, or Dropbox, or any external storage media containing Statera business information which was obtained by defendant Henrickson or defendant Smaldone during his Statera employment;

  **F.** copying, disclosing, transferring, selling, or otherwise making use of, other than for purposes of this litigation, any notes, memoranda, writings, lists, files, reports, contracts, advertising materials, manuals, correspondence, tapes, disks, software and other tangible information which defendants Henrickson or Smaldone produced, received, developed, possessed or otherwise had access to while employed by Statera;

  **G.** deleting, erasing, altering or otherwise rendering unavailable for further proceedings in this matter, email messages and other content in the email accounts which defendants represent are the only email accounts subject to the *Ex Parte* Temporary Restraining Order entered against them in this action, such e-mail accounts being identified as jeff.henrickson@gmail.com, chris.smaldone@gmail.com, jeff.henrickson@spottheligh.com, chris.smaldone@spotthelight.com;

  5. That this Temporary Restraining Order does not apply to the use by the defendants or their attorneys or agents of any of the documents, information, or data discussed above when it is used solely for purposes of this litigation;

  6. That on or before Monday, August 3, 2009, at 5:00 p.m., the parties **SHALL FILE** with the court a copy of their Stipulation Regarding Expedited Discovery; and

      7.  That this Temporary Restraining Order **SHALL REMAIN IN EFFECT** until 5:00 p.m., Monday, September 28, 2009, unless sooner modified or rescinded.

Dated at Denver, Colorado this 30th day of July, 2009.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

6